## HANCOCK *v.* HEATON.

GUARDIAN AND WARD. —*Judgment.* — *Practice.* — The complaint in an
action by a minor against his guardian did not ask any relief, except that
the court "discharge and remove the defendant from his said trust as
such guardian," and did not allege that the guardian had any specific
sum of money in his hands for which he ought to account; and the court
found merely that the defendant was the guardian of the plaintiff, a
minor, and that it would be to the interest of said ward to have said
guardian removed.

*Held*, that the court could not order the guardian to immediately make
report and pay into court the assets in his hands belonging to said ward.

*Held*, also, that, to reserve such an error in the judgment for the consideration of the Supreme Court, a motion for a new trial was not necessary.

From the Tipton Circuit Court.

*J. W Robinson*, for appellant.

*W. Garver* and *J. S. Losey*, for appellee.

DOWNEY, C. J.—This was a proceeding by the appellee,
by his next friend, against the appellant, his guardian, to
remove him from the trust. On the final hearing, the court
removed the guardian, and ordered that he report immediately, and pay over to the court the assets in his hands
belonging to his ward. To this order the defendant excepted.

It is alleged as error, that the court improperly ordered
the guardian to make report and pay into court, immediately,
the money in his hands. It is claimed by the appellant,
that the court could only remove the guardian, and leave the
ward to his remedy on the bond, but could not order the
payment of the money into court.

The appellee insists, that the appeal should be dismissed,
because the record does not show that a motion was made by
the appellant for a new trial. But the alleged error was
not committed on the trial, or even prior to it. It was committed, if at all, in rendering the judgment. The appeal
cannot be dismissed for this reason.

We have concluded that the case may be disposed of without deciding the question whether there may or may not be

cases in which such an order would be proper.    In this case, the only relief asked in the complaint is, that the court "discharge and remove the defendant from his said trust as such guardian." It is not alleged that the guardian has any specific sum of money in his hands, for which he ought to account; nor did the court find any sum of money for which he should account.    The only finding was, "that James R. Hancock is the guardian of Ebenezer Heaton, a minor, and that it will be to the interest of said ward to have said guardian removed."

Under these circumstances, we think we should hold the part of the judgment in question unauthorized and erroneous.

So much of the judgment as directs the guardian to report immediately and pay over to the court the assets in his hands belonging to his ward is reversed, with costs.